Jacob Fisher, Appellant, v. Edward M. Paxson, Joseph F. Harris and John Lowber Welsh, Receivers of The Philadelphia & Reading Railroad Company.

*Negligence—Railroads—Passengers.*

In an action by a passenger against a railroad company to recover damages for personal injuries caused by falling into a culvert while walking upon the tracks after alighting from a train, evidence that the culvert was repaired after the accident is irrelevant and inadmissible, where there is nothing to show that the railroad company failed in any duty to the passenger while he was alighting from the train.

A nonsuit is properly entered in a case by a passenger against a railroad company for personal injuries where it appears that the plaintiff fell asleep and was carried past the station where he intended to alight; that at the next stop, on the suggestion of the conductor, but without any compulsion, or demand upon him for additional fare, he alighted from the train in a city with which he was familiar, and started to walk between the tracks, and, after going some distance, fell into a culvert and was injured.

Argued March 16, 1897. Appeal, No. 80, Jan. T., 1897, by plaintiff, from order of C. P. Lycoming Co., March T., 1895, No. 108, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Trespass for personal injuries. Before METZGER, P. J.

At the trial a witness for plaintiff was asked the following question in chief: "Has this culvert been covered since the accident?"

By Mr. Whitehead, of counsel for plaintiff: This offer is for the purpose of showing that the company defendant was negligent in allowing this culvert to remain open, as has been testified to by witness on the stand.

By Mr. Reading, of counsel for defendants: It is objected to for the reason that the company defendant owes no duty to the plaintiff, or to the public generally in any regard in reference to the culvert in question, and therefore it is irrelevant, incompetent and immaterial.

By the Court: We will sustain the objection and exclude the evidence. Exception and bill sealed. [1]

The court entered a compulsory nonsuit which it subsequently refused to take off, METZGER, P. J., filing the following opinion:

The plaintiff in this case, who resided in Treverton, some time in August, 1894, purchased a ticket to Williamsport and took the train that leaves Shamokin about 9 P. M., arriving at Williamsport at about 11 P. M. Before reaching this station the conductor took up his ticket, after which the plaintiff fell asleep and did not awaken until the train had left Williamsport station and was under headway. After the train was some distance past the station the plaintiff awoke and the conductor and brakeman came into the smoking car where he was. The conductor asked him if he did not want to get off at Williamsport, to which he replied, " Yes, to be sure," and then the conductor said, " Well, we have passed Williamsport." The plaintiff then said that " It was too bad; that he had a letter that his sister was dying," and asked where he could get off, and was told by the conductor that when they got up a piece they could let him off. In answer to a question by the conductor whether he was acquainted in Williamsport he said, " Yes, and in Newberry," and soon after this conversation the train stopped at a place which seems to have been at or near Maynard street station. When the train stopped the conductor said to him, " Come on," and he went with the conductor through the cars to the rear end and got off, the conductor saying to him, "Go on." It appears from the evidence that the conductor did not attempt to put him off the train, nor did he order him off, nor did he ask him for any fare. After getting off the train, the plaintiff, it appears from the testimony, started to walk down between the tracks, and after going some distance fell into a culvert and was injured. In the absence of any evidence to the contrary it cannot be pretended that the train did not stop at the station at Williamsport a sufficient time to allow the plaintiff to leave it, neither is it pretended that the name of the station was not called in the cars, nor that the station at Williamsport is not a sufficiently safe and convenient place for passengers to alight. These facts are not disputed. The only reason that can be given for the plaintiff not getting off at the station at Williamsport, which was the place of his destination, is the fact of his being asleep when the train arrived at that point, and the fact that he did not awaken until the train had left the station and was under headway. Under

this state of facts the question arises whether the employees of the defendant company were guilty of any negligence which was the proximate cause of the injury received by the plaintiff. The presumption is that the employees did their duty, and the plaintiff, therefore, is bound by evidence to rebut this presumption, by showing that they were negligent, and that such negligence caused the injury, and that no negligence on his part in any degree contributed to it. The company cannot be charged with negligence by reason of the fact that the plaintiff did not get off at the station which was his destination. The fault for his not doing so was entirely his own. If, therefore, the company is liable, it must be by reason of the fact that the conductor let him off after they had passed the station of his destination at the place where he got off. It is true that, though he was to blame for being on the train after it left the station at which he should have gotten off, yet the conductor or those in charge of the train would not have been justified in ejecting him from the train, nor in ordering him off the train against his consent, and it may be said that a conductor has no right to compel anyone on a train to get off at a dangerous place ; and if he does so, and the party is injured by reason thereof, the company is liable. In this case, however, there is no pretense that the plaintiff was compelled to leave the train, or that he left the train against his will, or that he was injured at the place where he got off the train by reason of its being unsafe at that point. The most that can be said is that the plaintiff, after expressing his desire to get off, got off at the point at which he did, at the suggestion of the conductor.

It appears from the evidence that the plaintiff was not a stranger in Williamsport, and he certainly knew after alighting that it was dangerous for him to walk on or between the railroad tracks, and he had no right to do so, even if the conductor had given him directions to that effect. Not having been put off the train against his consent, he is not in the same position as one would be who had been placed on the railroad track by the employees of the company against his will.

We can see very little difference in the principle between this case and that of Deery v. C. & A. R. R., 163 Pa. 403, in which the plaintiff was injured in jumping from the door of a baggage car of the defendant, to which act she was invited

and urged by the conductor of the train. A nonsuit was entered and sustained by the Supreme Court in that case, which said in the opinion of Mr. Justice McCollum, inter alia, "Something more is required to render a company liable than its employees' consent to the passenger's negligent act." In that case there was a regulation that passengers should leave the cars at the door at the end of the same. Instead of leaving by that door the plaintiff jumped from the door of the baggage car at the invitation and request of the conductor. The court further say in that case "that nothing short of paramount and justifying necessity would excuse a departure from these regulations or render the company liable for an injury caused by it." If the company was not liable because a passenger did not obey a regulation of the company, we cannot see why a company should be liable where a passenger does not obey the legal duty not to alight except at or upon a station or platform, and the still greater duty not to walk on the roadbed or right of way of a railroad company. The case might be otherwise if the employees of the company had been in any manner to blame for his neglect to alight at the station which was his destination. His getting off at that point was the result of his anxiety not to pass Williamsport by reason of the information he had of the sickness and expected death of his sister. This undoubtedly led to the suggestion that he could be let off a piece further up the road.

The case of Rothstein v. Pennsylvania Railroad Company, 171 Pa. 620, we think it also in point. That was a case in which the plaintiff boarded a wrong train. After getting on it and asking for a berth he discovered the mistake and asked to have the train stopped to let him off. He was told that the train would not stop but that it was going slow and he could jump from it. The train had started and it was running at some speed; it was dark, and he could not see where he was jumping, but he jumped and he was injured. Justice McCollum, in delivering the opinion of the court says, inter alia, "The sole attempted extenuation of the act lies in the conversation with a person called by the plaintiff a trainman, but whether the person was the conductor of the train, the brakeman, or Pullman car porter, does not appear. It does appear, however, that he did not order the plaintiff to jump from the car, and that what

was said amounted at most to a suggestion or expression of opinion that he might do so."

It was even said in that case that his presence on the train through the negligence of the company furnished no warrant or excuse for jumping from it as he did.

In the case we are now considering it is not pretended that he was on the train by the negligence of the company. He was, in fact, there by his own negligence, if any one can be said to have been culpable. Neither was he ordered off the train, nor was any fare demanded, nor anything done by the conductor or any other person connected with the defendant company to in-dicate to his mind that he must or should get off. His inquiry as to where he could get off, and his expressed anxiety result-ing from the condition in which he supposed his sister to be, were all matters which would induce the conductor, if possible, to favor him, and at most, therefore, it could only be said he got off at the place he did by the consent of the conductor. It may be observed also that he was not injured in getting off the train or at the place he alighted, but at some distance therefrom, and at a place on the railroad he had no right to be.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; (2) entry of nonsuit; (3) refusal to take off nonsuit.

*Herbert T. Ames*, of *Ames & Hammond*, with him *H. W. White-head*, for appellant.—This court, by an unbroken line of deci-sions, has decided that changes made by a defendant at the point of accident, soon after the accident occurred, is evidence of negligence for the consideration of the jury: R. R. v. Hen-derson, 51 Pa. 315; R. R. v. McElwee, 67 Pa. 311; McKee v. Bidwell, 74 Pa. 218; Lederman v. R. R., 165 Pa. 118.

The defendant having moved for a nonsuit, the plaintiff's evidence must be taken to be true, and every reasonable inference of fact which a jury might draw from it in favor of the plaintiff must be drawn by the judge: Miller v. Bealor, 100 Pa. 583; Maynes v. Atwater, 88 Pa. 496.

Negligence is the absence of care according to circumstances: Turnpike Co. v. R. R., 54 Pa. 345; Schum v. Penna. R. Co., 107 Pa. 8; R. R. v. Coon, 111 Pa. 430; Ry. Co. v. Henrice, 92 Pa. 431; R. R. v. Greiner, 113 Pa. 600.

Every person upon a railroad in the care of the carrier is a passenger, although no fare has been paid: Ray's Negligence of Imposed Duties (Pass.), 5 ; Wagner v. Ry. Co., 97 Mo. 512 ; 2 Am. & Eng. Ency. of Law, 745; Lewis v. Del. & Hudson Canal Co., 145 N. Y. 508; R. R. Co. v. Rosenzweig, 113 Pa. 519.

Fisher certainly was in no worse position than a trespasser. If he had been a trespasser, a wilful wrongdoer, and had refused to pay his fare, he was entitled to be put from the train with due regard for his safety : Arnold v. R. R., 115 Pa. 135.

We insist that the question of whether the circumstances in this case amounted to an invitation to the plaintiff to alight from the car is a question of fact which a jury alone could determine from all the evidence: Wood's Browne on Carriers, 507 ; R. R. v. McCormick, 124 Pa. 427 ; R. R. v. Rowan, 66 Pa. 393 ; 2 Am. & Eng. Ency. of Law, 766 ; R. R. v. White, 88 Pa. 327 ; Arnold v. R. R., 115 Pa. 140 ; Lewis v. Del. & Hudson Canal Co., 145 N. Y. 508; Rothstein v. R. R., 171 Pa. 620 ; Hoag v. R. R., 85 Pa. 293 ; Yoders v. Amwell Twp., 172 Pa. 447 ; Bitting v. Maxatawny Twp., 177 Pa. 213.

The question of whether the plaintiff was guilty of contributory negligence is a question of fact for the jury: Ry. v. Henrice, 92 Pa. 431 ; Vannatta v. R. R., 154 Pa. 262 ; Ham v. Del. & Hudson Canal Co., 155 Pa. 548 ; Lee v. Woolsey, 109 Pa. 124; R. R. v. Fuller, 3 Penny. 176.

*John G. Reading,* for appellees.—At the time of the accident the defendant owed no duty to the plaintiff: Gillis v. R. R., 59 Pa. 129 ; Haverstick v. R. R., 171 Pa. 105 ; Ham v. Canal Co., 155 Pa. 548; Mulherrin v. R. R., 81 Pa. 366 ; R. R. Co. v. Collins, 87 Pa. 405 ; Westerberg v. R. R., 142 Pa. 471 ; Dell v. Glass Co., 169 Pa. 549 ; Deery v. C. & A. R. R., 163 Pa. 403 ; Rothstein v. Penna. R. Co., 171 Pa. 620.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 11, 1897:

We are far from being convinced that there is any error in the ruling complained of in the first specification. The question propounded to the witness was irrelevant, and the evidence sought to be elicited thereby was rightly rejected as incompetent and immaterial. There is nothing in the question presented that requires discussion.

The two remaining specifications relate to the compulsory nonsuit and refusal of the court to take it off.   A careful consideration of the testimony sent up with the record has satisfied us that the case is not one that should have been submitted to the jury.   While the accident which unfortunately befell the plaintiff is greatly to be regretted, we find nothing in the evidence that tends to prove, or would have warranted the jury in finding that it was due to any negligence of the defendants or their employees.

A review of the evidence, for the purpose of fortifying this conclusion, would serve no useful purpose.   The rulings of the court below are so well sustained by the opinion of its learned president, that further elaboration is wholly unnecessary.

Judgment affirmed.